# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

YENEY LOPEZ a/k/a YENEY ROSADO, )
)
        Plaintiff, )
)
vs. ) Case No. 14-1045-EFM-KGG
)
LARRY J. DRAGONE, D.O.; *et al.*, )
)
        Defendants. )
_____ )

## MEMORANDUM AND ORDER

Before the Court is the "Joint Motion to Strike Deposition Corrections" filed by Defendants in the above-captioned matter. (Doc. 114.) After a careful review of the submissions of the parties, the Court **GRANTS** Defendants' motion.

## BACKGROUND

Plaintiff filed this action, based on diversity of citizenship, alleging various counts of medical negligence. (*See* Doc. 1.) Defendants bring the present motion arguing that Plaintiff's expert, Dr. Rathel L. Nolan, made "substantive revisions . . . to his deposition testimony via an errata sheet." (Doc. 114, at 1.) According to Defendants, the corrections constitute "nothing less than [the expert] recanting his testimony on several, material points." (*Id.*, at 5.)

# DISCUSSION

Federal Rule of Civil Procedure 30(e) governs witness changes to deposition transcripts. The rule provides, in relevant part, that

> [o]n request by the deponent or a party before the deposition is completed, the deponent must be allowed 30 days after being notified by the officer that the transcript or recording is available in which:
>
> (A) to review the transcript or recording; and
>
> (B) if there are changes in form or substance, to sign a statement listing the changes and the reasons for making them.

(*Id*.) There is no disagreement that the witness at issue requested the ability to review the transcript for potential corrections. The issue is whether the changes requested constitute mere "corrections" or, rather, amount to material changes to the testimony.

Much of the parties' discussion revolves around whether the Court should follow the majority (more broadly construed) approach or the minority (more restrictive) approach to deposition corrections pursuant to Fed.R.Civ.P. 30(3). The majority, or traditional, view "has been that Rule 30(e) permitted any changes, regardless of whether they contradicted deposition testimony." ***Summerhouse v. HCA Health Services of Kansas***, 216 F.R.D. 502, at 504-05 (D.Kan. 2003) (internal citations omitted). The minority view, a more recent trend, "limits the

2

scope of changes permitted" under the federal rules to the correction of transcription errors. *Id.*, at 505. Thus, this view "does not authorize changes because the deponent lied, misspoke, or otherwise wants to change or clarify his testimony." *Id*.

There has been some noted disagreement in this District as how liberally or strictly Rule 30(e) should be interpreted. *See generally id.* A recent decision from this District, however, provides the necessary guidance.

> In this circuit, if a change is material, which is defined as one that bears on an essential element of a claim or defense, whether it is permitted under Rule 30(e) is determined by examining the following factors, known as 'the Burns rule': (1) whether the deponent was cross-examined at the deposition; (2) whether the corrections were based on newly discovered evidence; and (3) whether the deponent's deposition testimony reflects obvious confusion, as opposed to indecisiveness or inconsistency, which necessitates a correction to clarify.

***Cargill Meat Solutions Corp. v. Premium Beef Feeders, LLC***, No. 13-11168-EFM-TJJ, 2015 WL 5821696, at *1 (D. Kan. Oct. 5, 2015) (citing ***Burns v. Board of Cty. Comm'rs of Jackson Cty***, 330 F.3d 1275, 1282 (10th Cir. 2003)).

The *Cargill* decision relied on this passage from a Western District of Louisiana opinion regarding the purpose and scope of Rule 30(3):

> The purpose of Rule 30(e) is obvious. Should the reporter make a substantive error, i.e., he reported "yes"

3

> but I said "no," or a formal error, i.e., he reported the name to be "Lawrence Smith" but the proper name is "Laurence Smith," then corrections by the deponent would be in order. The Rule cannot be interpreted to allow one to alter what was said under oath. If that were the case, one could merely answer the questions with no thought at all then return home and plan artful responses. Depositions differ from interrogatories in that regard. A deposition is not a take home examination.

2015 WL 5821696, at *2 (citing **Greenway v. Int'l Paper Co.**, 144 F.R.D. 322, 325 (W.D.La.1992), *quoted in* **Garcia v. Pueblo Country Club**, 299 F.3d 1233, 1242 (10th Cir.2002)).

Given this interpretation of Rule 30(e), the Court finds that the errata sheet corrections at issue are improper under Rule 30(e). The errata sheet at issue does not enumerate items that were incorrectly transcribed by the Court reporter. Further, there is no argument that the suggested corrections were based on newly discovered evidence. Finally, there are no examples of obvious confusion on behalf of the deponent such as would necessitate clarification. *See* **Cargill Meat Solutions**, 2015 WL 5821696, at *1. Rather, the changes at issue constitute the witness attempting to "rewrite portions of a deposition . . . ." **Rios v. Welch**, 856 F.Supp. 1499, 1502 (D. Kan. 1994), *aff'd* 67 F.3d 1543 (10th Cir. 1995). Defendants' motion is **GRANTED** and the proposed deposition corrections are hereby **stricken**.

**IT IS SO ORDERED**.

Dated at Wichita, Kansas, on this 2nd day of February, 2016.

                                       s/ KENNETH G. GALE
                                       Kenneth G. Gale
                                       United States Magistrate Judge